# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

25-1607
CRIMINAL

**UNITED STATES OF AMERICA,**
Appellee,

v.

**DAVID ENRIQUE REMIGIO,**
Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA*
*HONORABLE STEPHEN H. LOCHER, U.S. DISTRICT COURT JUDGE*

## BRIEF OF APPELLEE

**Richard D. Westphal**
*United States Attorney*

**Matthew A. Stone**
Assistant United States Attorney

U.S. Courthouse, Suite 310
131 East 4th Street
Davenport, Iowa 52801
Tel: (563) 449-5432

Attorneys for Appellee

## SUMMARY OF THE CASE

On plain error review, David Remigio challenges the district court's imposition of $3,000 in restitution related to a victim in a child pornography offense, who was listed in the presentence report. This imposition of mandatory restitution for a victim identified in the presentence report does not rise to the level of plain error. This Court should affirm.

## STATEMENT REGARDING ORAL ARGUMENT

The United States suggests that the briefs and record adequately present the facts and legal arguments, and that oral argument would not significantly aid this Court in reaching a decision. If the Court grants oral argument, ten minutes per party would be adequate for a full discussion of the issues.

# TABLE OF CONTENTS

SUMMARY OF THE CASE ..................................................................................... i

STATEMENT REGARDING ORAL ARGUMENT ..................................... i

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF THE ISSUE ............................................................................... 1

STATEMENT OF THE CASE ................................................................................ 1

SUMMARY OF THE ARGUMENT ....................................................................... 3

ARGUMENT ............................................................................................................ 4

The district court did not err in awarding restitution.
    A.    Standard of review ................................................................................ 4
    B.    Argument ............................................................................................... 4

CONCLUSION ......................................................................................................... 6

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ....................................... 7

CERTIFICATE OF SUBMISSION AND VIRUS SCAN ....................................... 8

CERTIFICATE OF SERVICE ................................................................................. 9

# TABLE OF AUTHORITIES

**CASES:**

*United States v. Binkholder*, 832 F.3d 923 (8th Cir. 2016) ....................... 4

*United States v. Nesdahl*, 140 F.4th 474 (8th Cir. 2025) .......................... 5

*United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005) .............................. 5

## STATEMENT OF THE ISSUE

**Whether the district court erred in awarding restitution.**
1. *United States v. Binkholder*, 832 F.3d 923 (8th Cir. 2016)
2. *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005)
3. *United States v. Nesdahl*, 140 F.4th 474 (8th Cir. 2025)

## STATEMENT OF THE CASE

On March 5, 2024, a two-count Indictment was filed charging Remigio with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(b)(1) in Count 1 and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) in Count 2. (R. Doc. 2.)

On November 15, 2022, a search warrant was executed on Remigio's residence as part of a child pornography investigation. (PSR p. 5, ¶¶ 11-12.) Remigio admitted to officers that he had child pornography on his cell phone and that he had received child pornography that included the three-year-old daughter of one of Remigio's friends. (PSR p. 5, ¶ 13.) Remigio's cell phone was seized and forensically downloaded along with several of his social media accounts that he had admitted to owning and using to receive and distribute child pornography. (PSR pp. 5-8, ¶¶ 14-22.) Remigio's cell phone had 143

1

images and 265 videos of child pornography. (PSR p. 6, ¶ 15.) Seven more images and 22 videos were located in Remigio's social media accounts. (PSR pp. 7-8, ¶¶ 21-22.)

On August 12, 2024, Remigio pled guilty to Count 1 of the Indictment, Receipt of Child Pornography, with a plea agreement. (R. Doc. 33, 35; PSR p. 4, ¶ 3.) In the plea agreement Remigio admitted that he had those 143 images and 265 videos of child pornography on his cell phone. (R. Doc. 35, ¶ 7.) Remigio agreed to pay restitution as determined by the court, for all relevant conduct including conduct related to the dismissed count. (*Id.* at ¶ 23.) Remigio agreed that the court shall order restitution for the full amount of each victim's loss, which was no less than $3,000 per victim. (*Id.*)

Of the images and videos received and possessed by Remigio, NCMEC identified 56 images and 103 video files of known victims from 100 different series. (PSR pp. 8-9, ¶ 25.) One of those series was "Braid & Tile." (PSR p. 9, ¶ 25.) The PSR listed 12 victims who had requested restitution which did not include the Braid & Tile series. (PSR pp. 9-10, ¶ 26.)

2

At sentencing neither party had any objections to the PSR. (Sent. Tr. 2-3.) The court (Hon. Stephen H. Locher, Judge) imposed a sentence of 192 months, followed by 5 years' supervised release. (Sent. Tr. 11; R. Doc. 65.) The court found that there were 13 victims (to include "Audrey"), listed them on the record, and found that the appropriate restitution award was $3,000 per victim for a total of $39,000 dollars in restitution. (Sent. Tr. 13-14; R. Doc. 67.) Remigio did not object to the restitution award. (Sent. Tr. 14.) The district court specifically asked defense counsel whether there was "anything else from your perspective" after announcing the sentence, and defense counsel responded, "No, Your Honor." (Sent. Tr. 15.)

This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court did not err in awarding restitution in this case. In the plea agreement Remigio admitted receiving vast amounts of child pornography and agreed to pay restitution to any victims as determined by the district court. All the victims awarded restitution were identified in the PSR and the Court was required to order not less than $3,000 dollars. Because Remigio did not object at sentencing, the restitution

3

award is reviewed for plain error. There was no plain error in this case. Remigio cannot show that there was an error, that the error was clear under the current law, that affected his substantial rights and that seriously affects the fairness, integrity, or public reputation of judicial proceedings.

## ARGUMENT

**The district court did not err in awarding restitution.**

### A.  *Standard of review*

When a defendant does not object the claim is reviewed for plain error. *United States v. Binkholder*, 832 F.3d 923, 930 (8th Cir. 2016). The defendant must show "(1) error, (2) that is plain, (3) that affects substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005)).

### B.  *Argument*

The court did not err in ordering restitution for 13 victims. Remigio agreed in his plea agreement to pay restitution to any victims as determined by the court. The one series that was not listed as requesting restitution in the PSR was listed as a victim in the PSR. The district court

4

explicitly listed out the 13 victims for whom restitution was being awarded, and Remigio's counsel did not object, even when given the added opportunity at the end of the sentencing hearing.

District courts are required to impose a minimum of $3,000 dollars in restitution for each victim of trafficking in child pornography under 18 U.S.C. § 2259(b)(2). *United States v. Nesdahl*, 140 F.4th 474, 477 (8th Cir. 2025). Receipt of child pornography is such an offense. (*Id.*) The defendant has the burden of showing that there was prejudicial plain error. *Pirani*, 406 F.3d at 553. "[W]here the effect of the error on the result in the district court is uncertain or indeterminate-where we would have to speculate-the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." *Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005)).

Remigio fails to carry his burden in this case. Remigio acknowledges that the Braid & Tile series was listed in the PSR as a victim of the offense. (Br. 7.) As such, once restitution was requested the district court was required to impose a mandatory minimum of $3,000 dollars of restitution and Remigio had agreed to restitution for any victim

5

of the offense in the plea agreement. (R. Doc. 35, ¶ 23.) Remigio does not argue that the series is not a victim or that restitution wasn't required both by statute and by the plea agreement. Remigio asks this Court to speculate as to what would have been different if the restitution request had been listed in the PSR and that is not sufficient to show plain error.

## CONCLUSION

Remigio's sentence should be affirmed.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Matthew A. Stone*
Matthew A. Stone
Assistant United States Attorney

U.S. Courthouse, Suite 310
131 East 4th Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 1064 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 14 point.

Dated: September 16, 2025.

By: */s/ Matthew A. Stone*
Matthew A. Stone
Assistant United States Attorney

U.S. Courthouse, Suite 310
131 East 4th Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433

## CERTIFICATE OF SUBMISSION AND VIRUS SCAN

I hereby certify that on this 16th day of September 2025, I electronically submitted the BRIEF OF APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system after scanning it for viruses by using the McAfee Endpoint Security scan software program, which reported no viruses were found. Paper copies will be transmitted upon receipt of the Notice of Filing from the Clerk of Court.

*/s/ Dawn Thomas*
Paralegal Specialist

# CERTIFICATE OF SERVICE

I hereby certify that I did on this _____ day of September 2025, mail a true and correct copy of the foregoing BRIEF OF APPELLEE by placing it in the U. S. mail, postage prepaid and addressed to the following:

Heather Quick
Federal Public Defender's Office
222 Third Avenue SE, Ste. 290
Cedar Rapids, IA 52401

_____
Name
Title

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tele: (515) 473-9300
Fax:  (515) 473-9292