# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## 25-1607

### UNITED STATES OF AMERICA,

Appellee,

v.

### DAVID ENRIQUE REMIGIO,

Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE*
*SOUTHERN DISTRICT OF IOWA*
*HONORABLE STEPHANIE R. ROSE, U.S. CHIEF DISTRICT JUDGE*

### APPELLANT'S REPLY BRIEF

**Heather Quick**
*FEDERAL PUBLIC DEFENDER'S OFFICE*
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

ARGUMENT IN REPLY .......................................................................1

    I.    The record must reflect a basis for a restitution award beyond that the individual is a victim of the offense................................1

CONCLUSION.........................................................................................3

CERTIFICATE OF FILING AND SERVICE .................................................4

Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c) CERTIFICATION ..... 6

# TABLE OF AUTHORITIES

**Cases:**

*United States v. Church*, 731 F.3d 530, 535 (6th Cir. 2013).......................... 2

**Statutes:**

18 U.S.C. § 2259 ................................................................................................ 2

18 U.S.C. § 2259(b)(2)(A).................................................................................. 2

18 U.S.C. § 3663A.............................................................................................. 2

## ARGUMENT IN REPLY

COMES NOW Appellant, David Remigio, and hereby respectfully submits this reply to the prosecution's argument.[1]

### I. The record must reflect a basis for a restitution award beyond that the individual is a victim of the offense.

The prosecution asserts that Remigio's argument challenging the restitution award to Audrey is "speculative," as this victim could have provable losses that would justify a restitution award, and therefore plain error is not established. Gov't Br. 6. This misconstrues Remigio's argument.

Remigio does not dispute that the statute calls for mandatory restitution of $3,000 for victims with provable losses. He also does not dispute that, pursuant to his plea agreement, he agreed to pay "for the full amount of each victim's losses." R. Doc. 35, p. 9. Finally, he does not dispute that the prosecution may very well be able to establish that Audrey has unrecovered losses.

The problem is that the record is completely silent on any potential basis for a loss amount finding by the district court. True, Remigio's plea

---

[1] Remigio reasserts all arguments made in the opening brief.

agreement and the restitution statutes impose mandatory restitution. R. Doc. 35, p. 9; 18 U.S.C. § 2259, 3663A. Still, under his agreement and these statutes restitution is only mandatory if the prosecution establishes an outstanding loss amount. R. Doc. 35, p. 9; § 2259(b)(2)(A).

Below, due to the Southern District of Iowa's procedure, the record is silent on whether a loss amount is established for Audrey. § 2259(b)(2)(A). And, again due to this procedure, Remigio appears to have received no notice of the restitution request. Neither his plea agreement nor the restitution statutes called for an award of $3,000 for each victim of his offense; a recoverable loss is necessary. "Because federal courts have no inherent power to award restitution, restitution orders are proper only when and to the extent authorized by statute." *United States v. Church*, 731 F.3d 530, 535 (6th Cir. 2013). Here, because the record fails to establish the restitution award to Audrey was lawful, reverse and remand for further proceedings is required.

# CONCLUSION

For the reasons stated above and in the opening brief, Remigio asks that this Court reverse and remand for additional proceedings regarding the restitution award for Audrey.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542

# CERTIFICATE OF FILING AND SERVICE

I certify that on September 23, 2025, I electronically filed the foregoing reply brief with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system. The reply brief was scanned for viruses using Trend Micro Apex 14.0.11564. I also certify that after receipt of notice that the reply brief was filed, I will serve a paper copy of this reply brief on defendant-appellant by mailing him a copy at FCI Milan, P.O. Box 1000, Milan, MI 48160. I further certify that after receipt of notice that the reply brief was filed, I will transmit 10 paper copies of the reply brief to the Clerk of Court via Federal Express and 1 paper copy to the appellee via regular mail as noted below.

Respectfully submitted,
*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
P: (319) 363-9540 F: (319) 363-9542

Copy to:
Matthew Stone, AUSA
U.S. Attorney's Office
310 U.S. Courthouse
131 E. 4th Street
Davenport, IA 52801-0000

Craig Gaumer, AUSA

U.S. Attorney's Office
210 Walnut Street, Suite 455
Des Moines, Iowa 50309

5

# Fed. R. App. 32 (a)(7) AND 8th CIR. RULE 28A(c)

# CERTIFICATION

I certify that the foregoing reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). The brief uses a proportional space, 14-point Georgia font. Based on a line count under Microsoft Word Version 2507 Build 16.0.19029.20136, the brief contains 45 lines and 376 words, excluding the table of contents, table of authorities, and certificates of counsel.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542